United States District Court
Southern District of Texas
**ENTERED**
August 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN OHENE PATTERSON, SPN #01176482, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. H-20-2762 |
| v. | § § | |
| AARON COOPER, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Harris County pretrial detainee Kevin Ohene Patterson, SPN #01176482, proceeding *pro se* and impliedly seeking leave to proceed *in forma pauperis*, filed this section 1983 lawsuit complaining of retaliation by defendant Aaron Cooper.

Having screened the complaint as required by section 1915, the Court **DISMISSES** this lawsuit for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Plaintiff is a Harris County pretrial detainee awaiting trial on felony charges. He complains that Aaron Cooper, who "stay[s] at V.A. residents at Mid-Town," retaliated against him three different times. Plaintiff reports that he filed complaints against Cooper for the retaliation, but apparently the complaints were not successful. Plaintiff states that "it's stress[ing] me out emotionally." (Docket Entry No. 1, pp. 3–4.) He seeks $50,000.00 in damages.

## II. ANALYSIS

Because plaintiff is a pretrial detainee seeking leave to proceed *in forma pauperis*, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

To state a viable claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). That is, section 1983 claims must be brought against a state actor. *Id.*

Plaintiff complains that defendant Cooper retaliated against him three different times. He reports that Cooper resides at "V.A. residents at Mid-Town," such that Cooper appears to be a private citizen. A private citizen is not a state actor for purposes of section 1983. *See*

*Ward v. Agnew*, 2004 WL 839587, at *1 (5th Cir. Apr. 20, 2004) (affirming frivolous dismissal of section 1983 case against private citizen not acting under color of state law).

Plaintiff pleads no factual allegations showing that defendant Cooper is a state actor for purposes of this section 1983 lawsuit, and no viable claim is raised. Plaintiff's claims against Aaron Cooper must be dismissed.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983. 28 U.S.C. § 1915(e)(2)(B). Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 10th day of August, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE